when the yellow light goes on that means that your time is drawing to a close so begin to wrap up. If we take you beyond the red light then don't worry about it just keep on going. And with that we're ready to begin with our cases. Our first one is number 23-10544. I hope I'm going to pronounce your client's name first name correctly. Jy'Quale. Jy'Quale Samari Grable, United States. Ms. Devine. Thank you your honor and may it please the court counsel. Hobbs Act robbery requires a forcible taking. Theft alone is insufficient and violence alone is insufficient. Here Mr. Smith stole a bag of marijuana by stealth from a drug deal. At least five minutes later Mr. Grable used lethal force. No matter how you look at their conduct though there's always a that Hobbs Act robbery requires an unlawful taking or obtaining from the person or in the presence of another by means of actual or threatened force. These elements altogether are a forcible taking but they don't support a robbery developing after a surreptitious taking and they don't support a robbery developing after a victim no longer has control over the stolen property. The government is therefore relying on a concept of property that is unsupported by the state. How do you how do you then distinguish the cases that this court has that deals with car robberies that are that are that fall under the Hobbs Act where you have a victim whose car whose car key is taken and then the car is stolen and that is considered part of the Hobbs Act? Um so your honor I I think is your honor referencing the carjackings under 2-119? Right I think Judge Burkett wrote the opinion. Yes your honor and so and I think I referenced those in my 28J as well where in those cases the court has said that the this language because they all share the same base robbery language from the person or in the presence of another has to be just that from their person or in their presence so that the force is it's about maintaining control and so if the force is overcoming the ability of that person to maintain control over that vehicle what we're what we're asking the court to find is that here that's not the facts. Here the marijuana was no longer in the control of anybody on the balcony. Let me ask you a question. Would it have made it a difference if Mr. Smith had been in the hallway of the apartment complex and the victims had been able to to follow him? Certainly any facts that put Mr. Smith and that bag of marijuana as close as possible to the victims that would make this a closer call but that's not what happened here. We have at least understand that but right if we you want us to write an opinion and so we need to where the bright line is correct? Yes yes and that is when when the victims can still maintain some control over that product. So that's for you is the distinguishing factor the victim has to be able to have some control? Be able to maintain control that but for the force and I think that this comes straight out of those carjacking cases that your honor is referencing that but for the the victim would be able to maintain some level of control over that property and so again we're asking your position is that if a robbery if the taking of the property is accomplished at least in this case and the people who took the property have made their getaway the use of force can't be tied to the theft itself. Correct your honor it's no longer forcible taking. Force alone is not robbery. Force is only robbery when it's how you take something from somebody. Right and to Judge Lagoa's point if if Mr. Smith were outside the door getting out and the victim said hey stop and then Mr. Grable had shot the victim different case? Much closer call your honor and in because we're dealing with sufficient questions of sufficiency that's a jury question whether that would be sufficient presence and control over that property that again that's just not the facts that we have here but I do think that like I said the closer that that marijuana stays to those victims just like in the carjacking cases the more more of a jury question that that would become but here there's just no way nobody on that balcony has any control over that marijuana any longer so at least five minutes after Mr. Smith is gone Mr. Smith and Mr. Bell are driving around the parking complex there's they don't need any help controlling that marijuana at that point nothing that happens on the balcony has any effect on their ability to maintain control over that marijuana. Can I ask you a question is it if you had said this earlier that you needed to have force in order to have Hobbs Act robbery since this was done surreptitiously does it even qualify as Hobbs Act robbery? So no no your honor I think it's a surreptitious theft so it's a theft and then a separate assault so I'm not suggesting that there isn't a crime that occurred with the shooting the lethal force that it's just not robbery under the text of section 1951. I think can I ask you because you have three counts are you challenging all three counts? We are not challenging conspiracy we concede that these men came to some kind of common understanding and agreement. You concede on count one? Yes your honor. So you're just challenging counts two and three? Yes your honor. If count two falls count three falls? If count two falls count three falls yes your honor. Because count two was the underlying offense charge in count three? Yes so count count two is the substantive completed the completed Hobbs Act robbery the forcible taking. Right but that was the crime of violence charged in count three in connection with the firearm? Yes your honor. And so I want to address for a moment the government's argument that I think that they're going to discuss in a moment with you that Mr. Grable was somehow still obtaining or in the course of obtaining this marijuana when the force was used. I would suggest that there's two ways to look at his actions two ways to look at what happened on that balcony both ways are missing an element so either Mr. Grable had already obtained the marijuana when Mr. Smith did when Mr. Smith told it sold stole it but the missing element is force as we've been discussing or as the government suggests he hadn't obtained it yet and he was still in the course of obtaining it but they're the missing element as we've also just been discussing is that there was no taking from the victims so either way you look at the facts here there's no reasonable construction of the facts that that equal the element of completed elements of Hobbs Act robbery either the force is unconnected to the theft or there's nothing left to steal at that point and and we would maintain this is true even if he believed he was still involved in the robbery believed he was helping Mr. Smith the property was gone Mr. Smith and Mr. Bell as we've discussed had control over it down in the vehicle and they certainly did not need any help from Mr. Grable maintaining control over it the government's broader argument is that forced use during the getaway or a getaway can also count and link the taking of the property with the force can you address that yes um and that was also the district court's position was also that force used during escape and that was a large part of the closing argument by the is that it was force used to get away or to escape that idea of sort of hot pursuit or escape comes out of the bank robbery context um and so first of all those cases don't involve Hobbs Act robbery they they involve bank robbery and they involve section 2113 which has subsections to it so those cases like if you look back to the 1970s cases involving bank robbery where this hot pursuit idea and escape idea comes from they're looking at sections d and e so not just the base definition for robbery but the other subsections that talk about when in the course of a theft a bank larceny so asportation is involved that there's assault or if you're escaping or trying to get away if you kidnap or murder so the bank robbery statute congress has incorporated the idea that we're or in the course of robbery before during and after the theft that you use force you're then also guilty of robbery congress has incorporated that idea into the bank robbery statute but it has not done that in the Hobbs Act. Hobbs Act does not it only has the base definition it does not have these additional subsections and so I would ask the court to compare those two and to look at d and e so to understand where that hot pursuit and escape idea comes from and find that that does not exist in the Hobbs Act and so I think if you look directly at section 1951 you have to have a forcible taking period there's no expansion of the scope of that definition based on additional subsections like you have in bank robbery. And your honor that's why we have briefed and asked the court to find that Florida is very instructive in this regard because like many states Florida had a robbery statute very similar to the Hobbs Act you had situations just like this one and the Florida Supreme Court was kind of it was a limited definition nobody liked the result and so the Florida legislature determined that it was time to expand on their definition of robbery add that additional language like I just talked about in the bank robbery statute and talk about the fact that no if it's force also used during escape hot pursuit these sorts of things carrying away of the items you are also guilty of robbery congress has not done that and they could if they don't like this result they could just like they did in the bank robbery statute they could add language to ensure that the conduct like what happened here is within the scope of the Hobbs Act but they've not done that yet. So unlike many many states at least you know at least 21 states I think that we've listed I think it could be more than that if you look at certain other cases talking about that you know that have added and specifically asked their legislatures to add and they have added that language the Hobbs Act certainly does not have it those elements are very clear and they're very limited. If your honors don't have any further questions I'd like to reserve the rest of my time. All right thank you very much. Thank you. Miss Lee. Thank you your honor and may it please the court Tyler Lee for the United States. This court should affirm Grable's Hobbs Act robbery conviction because Grable used force to effectuate and complete his obtaining of the drugs. The jury could reasonably find that at the time Grable shot the victims his taking or obtaining of the drugs was not yet complete and he therefore used force to establish full control over those drugs. Why was it not complete if the victim was not yet complete? The other two gentlemen had driven away with it successfully. Well they actually had not successfully driven away. In fact Smith and Bell potentially could have left the entire complex and fled but that's not what they did. They drove maybe 10 to 15 parking spaces in Smith's by Smith's testimony then turned around and came back and waited for Grable. So Smith had not yet gotten away. But the victims didn't know where they were. I mean it's it's a little different if they had been I guess in the in the hallway of the complex or if they had been somewhere in the lobby and the victims ran out chasing Mr. Grable and saw them. That would be a little different hypothetical correct? Potentially your honor but I think here they were still close enough. They were just outside the apartment building that bowling could indeed the victim could have run out and interfered with this taking or this obtaining but for the use of violent force by Grable. And that assumes that a victim can always interfere with robbers or takers who have led. No it depends on the proximity your honor. And if they had driven half an hour away your argument would be the same? No your honor. Why? Because. And then they and then they came back. They thought you know what he hasn't called us better go back for him. And then they come back right to the same place and pick him up. What's the difference? There are two differences there your honor. And the first is the spatial or physical proximity. And as this court discussed in Kimball the taking of a car that was outside the restaurant where the force was used inside was sufficient to qualify as the taking for carjacking purposes. Whereas the court in that case explained that a taking from a house miles away would not qualify because of that physical distance. The second point here is the the timing. And here everything was unfolding within the span of a few minutes. So in a case where you know perhaps Smith and Bell are coming back hours later there's that the temporal connection between the force and the obtaining is a lot more attenuated there. And that goes I think to the means requirement of the statute. But if but if they had driven away they had gone half an hour come back parked outside the apartment complex and only at that time did Mr. Grable shoot the victims. What's the difference? At that point the victims can do the same thing they you say they could have done here which was interfere with the taking by going downstairs finding the car and trying to take the marijuana back. That goes to the means requirement your honor. Because the Supreme Court has explained that to obtain the property by means of force or violence indicates that the end is achieved through the specified action the means. Such that the connection between the two is more than oblique indirect or incidental. And the more time that passes in between this is I mean this is a very this is it's a stretch that you're making. Because this is very different than if Mr. Grable Mr. Smith is walking out and the victims realize that he has the marijuana and they say give it back to us. And then Mr. Grable you know there's a tussle and he shoots them. Clearly they're trying to get their the marijuana back. So there clearly is going to be a Hobbs Act robbery. But here you have a situation where Mr. Smith is no longer in the building. He is in a car somewhere and you want us to find that that is a Hobbs Act robbery. Yes your honor to be clear he's in he's in a car but just outside the apartment building. And at that point the victim bowling is actively resisting this taking or obtaining that's ongoing. He's saying I'm going to do something your friend needs to get back here. And it's at that point that Grable uses force to overcome that victim's resistance. And I think this court's decisions in Leon and Sims and the eighth circuit's decision in Clark. Which relies on Leon support our view of the ongoing obtaining in this case. If Mr. Grable had slept overnight. And the victims had only found the marijuana missing the next morning. And Mr. Smith and the other accomplice had waited and slept in their car outside overnight. Mr. Grable shoots him the next morning what would the result be? That would be a much more difficult case your honor. I think again because of this the temporal attenuation of the means. Temporal it doesn't matter that the two accomplices are where they were in this case. Mr. Grable is with the victims where he was in this case. The victims find out as they did in this case that the marijuana is missing. They tell Mr. Grable your buddies better get back they better give this back. They're right down there and he shoots them. What's the difference legally what's the difference? The defendant in that case your honor I think would have a stronger argument. That the taking or obtaining was not by the means of force. And because there was a sufficient break or sort of disruption of the chain of events. Under this hypothetical when they woke up is when they found out that the drugs were taken. And they still had the means and wherewithal that they had in this case which is to try to go find the accomplice or accomplices whom they didn't know the location of. And try to get Mr. Grable to get them to come back with the marijuana. If you think if you think that the theft of marijuana was not complete in this case. It's not complete in the hypothetical either. Because everybody is where they were in the in the hypothetical as they were in this case. Same exact thing it's just that it's overnight that's all it is. Your honor that's the conclusion that flows from this court's decisions in Leon Sims. And in the eighth circuit's decision in Clark in all of those cases the defendants had already begun the taking or obtaining of property at the time that they used force. But in each of those cases the the court held that the jury could find that the taking was not yet complete at the time that force was used. What's the best case you have under Hobbs Act robbery that the evidence here suffices? Under Hobbs Act robbery specifically your honor it would be I think the Sims case in which the defendant had already started putting stolen packages into the car at the time that his co-defendant used force and shot a security guard who was attempting to interfere. Right I think that probably is your best case but that's so different because they hadn't made a getaway. Well I would also point to the again I would resist the idea that Smith had made a getaway because he and Grable had made this agreement to do this lick this robbery and he turned around and came back and waited for Grable. It's a very different situation than if Smith had walked out with the marijuana he gets in the car Grable's right behind him and the victims realize within a minute that the marijuana is missing they're getting in the car and they run out and then Mr. Grable shoots him. That's very different. Respectfully your honor I think that's quite similar here there's it's possible that Bowling could have run out of the apartment and interfered with Smith's with Smith having the marijuana in the car and he was prevented from doing that by Grable shooting him by Grable overcoming his resistance and cutting off resistance to the obtaining and I'd also point the court. Smith had as we're all talking about line drawing here if Mr. Smith had said if the agreement had been listen I'll take the marijuana you meet me 15 minutes later make your own getaway from the apartment meet me 15 minutes later a block away I'll park a block away and he had parked a block away and hadn't moved what would the result be? That would be a more difficult case your honor because 15 parking spaces as you said that's going to make the difference in this case. 15 parking spaces your honor the physical proximity as well as the the temporal unfolding events everything here happened within just a span of a few minutes. Same span here my hypothetical doesn't change the time span it just changes Mr. Smith coming back to the apartment complex he he and the other accomplice park a block away and they wait for Mr. Grable. Here you're in this case your honor though there was no evidence that Smith and Grable made such a plan. I know I'm asking you a different case it's not this case I'm asking you what happens in that hypothetical I know it's not the fact. I think in that hypothetical your honor the jury could still potentially find that the defendants had not yet obtained full control over the property and that parks five blocks away. Again it would be a closer question due to the proximity question. Why does that matter? They've gotten away they've taken the property that they were going to. Because it goes to the person or presence requirement your honor and as this taking can still be from the person or presence in the carjacking context for instance when the car is outside the building but if the car you know is this is not carjacking. No but I think those cases are still the carjacking cases are still instructive here because the statutes are very similar. Carjacking usually occurs when the victim is in or very much around the car that is that's not necessarily the case with Hobbs Act robbery. Well there are carjacking cases in which that's not the case and those are the cases we're relying on your honor. So in in Kimball for example the the victim the owner of the car was inside the restaurant and they then took his car that was parked outside and in Clark in the Eighth Circuit's case that's cited in our 28 J letter the defendant got into a truck drove some distance I believe is actually one or two minutes that he could find that that taking was not yet complete at the time he brandished a gun to leave the enclosed area. Can I ask you one more question? Do you have the the statute in front of you? Yes your honor. Can you look at the bottom of clause b1 the very end has a phrase that says at the time of the taking or obtaining what do you think that phrase modifies? Your honor it would be modifying the means of actual or threatened force. Then you're in trouble. No because the taking or obtaining as in this case can be an ongoing act and that's what Leon and this is not at the park. Go ahead your choice. What is the evidence that the victim knew about that Grable had? I don't believe there's necessarily evidence in the record. Suppose they don't know that Grable has a gun. I don't think that makes a difference in the result your honor because here if they know Gable has a gun that's a different case isn't it? If they know? Yeah the different case from when they don't know. Have no reason to believe that Grable is going to do anything to them to get the marijuana. I suppose that would be a case in which the defendant was threatening force to effectuate the robbery but here the government's theory was that the force was used not as a threat but really as a means of incapacitating the victims and cutting off resistance to the taking or obtaining which is a proper theory. You've got to have the force go all the way into the to the car don't you? The force as long as the force it's a question of at what point the defendant has obtained full control over the property because as this court recognized in Konadge a defendant cannot be said to have obtained an item until he has control over that item and so even if Grable had some degree or possession of or control over the drugs through Smith at the time he shot Bowling the jury could reasonably find again based on this court's cases that the taking or obtaining was not yet complete because Grable didn't yet have full control and so he used the force to cut off Bowling's resistance to that taking and to fully obtain the property. Now let's talk about statutory drafting. Yes your honor. At the time the Hobbs Act was initially passed by Congress this theory of force during a getaway was not a part of the common law of robbery and don't federal courts normally assume that a term carries its common law meaning unless Congress says otherwise in criminal statutes? Two points your honor the first is that the that is correct that that was the common law understanding at the time but the Hobbs Act does not incorporate that common law definition of robbery because it expressly defines robbery within the statute. It says at the time of the taking or obtaining I think that language is difficult for you. Well second your honor. Because it it doesn't leave anything to the imagination if you if you say that it that that deals with the means the means have to be used at the time of the taking or obtaining the force here was not used when Mr. Smith took or obtained the marijuana. Respectfully your honor it's not just Smith's actions but also Grable's that we have to look at and I want to address the the contention that Florida robbery is the basis for the Hobbs Act or that we should look to Florida robbery common law understandings to inform the Hobbs Act robbery definition. No that's not that's that's not irrelevant that's not the defense's point the defense's point is that some jurisdictions some states learned the hard way that force during a getaway was not part of the definition of robbery in their statutes. They didn't like that result and they've now changed the results so that force using during the getaway counts as part of the robbery. The defense's point is that Congress hasn't done that. Your honor there's actually evidence that Congress has done that because as the Supreme Court has recognized the Hobbs Act adapted its definitions of extortion and robbery from the New York statutes at the time and the New York statute at the time section 2121 of the New York penal law actually did provide that force can be used to retain possession of the property. So we don't impute the general common law idea that retaining that force used to retain property can be used in fact the historical understanding of the New York statute that the Hobbs Act robbery statute was based on indicates that force used to retain possession can qualify as robbery. That that gloss on the on the New York penal code provision was that judicial or was that part of the statutory language in New York? That was part of the statutory language your honor. Which wasn't carried over to the Hobbs Act. It was in a separate subsection explaining what force means your honor. It wasn't carried over to the Hobbs Act. No but there's. It's it's I think it's difficult to say in New York from which the Hobbs Act was taken robbery also included the use of force to retain property. But if that's a statutory provision in New York at the time that the Hobbs Act was enacted and that provision isn't statutorily carried over into the Hobbs Act. Why don't you presume that congress wanted a different result here? I don't think that means that the common law definition necessarily carried over either but the it's also the idea of force being used to retain possession is not inconsistent with the common law and that's what the Wharton's treatise points out that's cited in the 10th circuit Garcia Caraveo case which explains that someone who a thief who finds it necessary to use force after a taking to retain possession may in legal contemplation be viewed as one who never had the sufficient control to be a possessor in the first place and so the thief doesn't take full possession until the use of force cuts off immediate resistance to the possession and and that's not inconsistent with the common law understanding. All right thank you very much Ms. Lee. Thank you. Your honors, I believe the government wants facts that don't exist here. I want to address a few of the cases that were discussed specifically some of the carjacking cases in the Sims case. Carjacking in Campbell was a keyjacking and you know it all occurred essentially in the same property and the force was used to take the keys and I believe this court found that keyjacking is carjacking so the for it was a forcible taking force was used to overcome the will of the owner of the vehicle to get those keys to get that car so those facts are distinguishable from ours. In shot at to overcome his will to get that car away from him so I believe those facts are distinguishable from ours. In Sims, I believe that's a case where they were trying to load boxes onto a truck and they're all in the same vicinity. The property was still within arm's reach so this court in Kimball and Kelly talked about not just control but the properties being in the vicinity in arm's reach so these boxes were in arm's reach and but for the force the still would be able to maintain control over those boxes maintain control over that property. Let me ask you the same question that I asked Miss Lee. Do you have the statute in front of you? Can you look at subsection b1? Yes your honor. At the very end it has the phrase at the time of the taking or obtaining. Yes your honor. What do you think that phrase modifies? I think it modifies the force your honor. And so it modifies the entire subsection not just the last antecedent before the clause. Based on our reading of of Hobbs Act robbery being a forcible taking and that that would modify a forcible taking your honor. Your honor one last point on Simms. Simms also relied on bank robbery precedent and as we've already discussed section 213 has those sort of additional subsections. So if you look back onto those 1970s cases they are actually relying on a part of the bank robbery statute that's much broader than anything that Congress wrote into the Hobbs Act. I also think that the government wants the conspiracy to do a lot more work here than what it should. Was there an agreement to do a robbery? Yes we've conceded that but then what happens is that Smith steals by stealth and once that taking happened without force there is no Hobbs Act robbery. Is this a much closer call under section 2113 the bank robbery statute were this to be bank property? Yes because of those additional subsections and that sort of broader reading that Congress has Is this a much closer call in your state law? Possibly but our facts your honor is not a close call not under the language that Congress has written in section 1951. Thank you. Thank  Hold on one second Ms. Fiz. Okay whenever you're ready. Thank you.